**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEYDI MARLENI LEMUS MARROQUIN,

Petitioner,

v. Case No. 3:26-cv-2768-WWB-SJH

RICK STALY, et al.,

Respondents.

---

# **ORDER**

With the assistance of counsel, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus challenging her mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and seeking immediate release from custody or an "individualized bond bearing before an immigration judge at which the government bears the burden of justifying her continued detention by clear and convincing evidence." (Doc. 1 at 2–3). According to Petitioner, at the time she filed her Petition, she had not requested a bond hearing before an immigration judge, but "she intend[ed] to request one." (*Id.* at 12). She asks that her failure to exhaust be excused because immigration judges place the burden on aliens at bond hearings, any transfer of her to a detention facility outside the Eleventh Circuit could result in a denial of a bond request, and her detention "inflicts irreparable harm on [her] and her infant son." (*Id.* at 19–20). As relief, she seeks release or a bond hearing at which the government has the burden of proof. (*Id.* at 28).

Federal Respondents filed a Response agreeing that *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), controls Petitioner's detention classification but

arguing the Petition nonetheless should be denied because Petitioner failed to exhaust her administrative remedies. (Doc. 9 at 1). In her counseled Reply, filed November 2, 2026, Petitioner alleges that she submitted a request for a bond hearing the same day. (*See* Doc. 10 at 1–2). In a confusing argument (admittedly partially drafted by generative AI, (*see id.* at 8)), Petitioner acknowledges that this Court has "dismissed petitions where no bond request had been made and futility was not demonstrated," and her after-the-fact bond request to the Orlando Immigration Court "does not retroactively complete exhaustion," yet she claims to have "preserve[d] [certain] grounds for judicial relief." (*Id.* at 3, 5). Petitioner presents no articulable or persuasive argument that exhaustion would be futile after *Hernandez Alvarez*. (*See generally id.*). Rather, she suggests that a Court-ordered bond hearing may be more beneficial to her than a bond hearing granted through proper administrative procedures because in her Petition, she asks that the government bear the burden of proof to justify her detention. (*Id.* at 3). She further suggests that following proper administrative procedures will unduly delay any potential relief. (*Id.* at 4).

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where

the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

The Eleventh Circuit decided *Hernandez Alvarez* nearly five months before Petitioner filed her Petition in this Court. She did not request a bond hearing before filing her Petition, and she fails to demonstrate that requesting a hearing before the immigration court would be futile or otherwise unavailable. Indeed, Federal Respondents concede that she "is detained under 8 U.S.C. § 1226(a) and . . . may seek a bond hearing in immigration court." (Doc. 9 at 2).[1]

Given Petitioner filed her Petition before exhausting her administrative remedies, it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Portillo v. Gualtieri*, No. 8:26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (concluding that the petitioner failed to exhaust administrative remedies because she did not seek a bond redetermination before an immigration judge); *Vasquez Martinez v. Warden*, No. 3:26-cv-1841, 2026 WL 2388997, at *2 (M.D. Fla. Aug. 17, 2026) (same).

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The **Clerk** shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

---

[1] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release" (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

**DONE AND ORDERED** in Jacksonville, Florida, on November 4, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of record